# LAW OFFICE OF
# JEFFREY FLEISCHMANN, P.C.

65 Broadway, Suite 842
New York, N.Y. 10006

JEFFREY FLEISCHMANN                                  Telephone: (646) 657-9623
                                                     Facsimile: (646) 351-0694

---

February 24, 2016

Via ECF:
Hon. Richard J. Sullivan
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Union Capital, LLC v. Vape Holdings Inc;* Case No. 16-cv-1343-RJS

Dear Judge Sullivan:

I represent plaintiff Union Capital LLC ("Union") with respect to the above referenced matter. I write to respectfully request permission to supplement the supporting papers for plaintiff's application for a Preliminary Injunction and related relief, for which the Court issued an Order to Show Cause earlier today. I ask that the Court consider this letter and the Supplementary Declaration of Chaim A. Vail in addition to the previously submitted papers at the Preliminary Injunction hearing scheduled for March 8, 2016. The reason for this request is that plaintiff's application was submitted on February 22, 2016 and the very same day, defendant Vape Holdings Inc. ("Vape") belatedly filed their form 10-Q with the SEC. Because plaintiff was unaware of the filing of the 10-Q until after plaintiff's initial submissions[1], this information could not be included in the initial submissions. There will be no prejudice to the defendants, as the Order to Show Cause directs service of the motion papers by today and permits service by email, and this letter and the Supplementary Declaration of Chaim A. Vail will be concurrently emailed to defendants. Accordingly, defendants will have the same amount of time to respond to the points raised in the supplemental materials as they would for the initial supporting documents.

As provided in the Supplementary Declaration, Vape's 10-Q demonstrates that Vape is likely insolvent and will be unable to pay any ultimate judgment. In addition to the points raised previously, UNION will suffer irreparable harm if the requested injunctive relief is not awarded, as Vape will likely be unable to pay any damages ultimately awarded at the conclusion of this action. The likely inability of a defendant to respond in damages at the end of a case constitutes irreparable harm warranting injunctive relief. *See Castle Creek Tech.*

---

[1] As noted in the Supplemental Vail Declaration, plaintiff is unsure as to the exact time on February 22, 2016 that the 10-Q was filed, but was not aware of it until after the initial moving papers were filed.

*Partners v. Cellpoint, Inc.*, 2002 U.S. Dist. LEXIS 23760, 2002 WL 31958696 at *3 (S.D.N.Y. Dec. 6, 2002) ("If CellPoint is no longer a going concern at the close of litigation, an injunction ordering the delivery of CellPoint shares would be pointless, and Castle Creek would be left without the converted shares and without the option of obtaining a money judgment for the outstanding debt amount, thus suffering irreparable injury."); *Brenntag Int'l Chemicals, Inc. v. Bank of India,* 175 F.3d 245, 249 (2d Cir.1999) (irreparable harm found where available remedy might be meaningless by the close of the litigation).

Additionally, we respectfully request that the Court take judicial notice of the fact that, in the case known as *Union Capital LLC v Puget Technologies Inc.* 15-cv-09542-RA, Judge Abrams recently granted plaintiff a Preliminary Injunction substantially the same as the one that plaintiff requests here under similar circumstances. See Docket Entry. No. 19 therein and Exhibit I to the Supplemental Declaration of Chaim A. Vail.

Accordingly, we respectfully request that the Court consider the supplementary material in connection with the Preliminary Injunction hearing currently scheduled for March 8, 2016.

Respectfully Submitted,

THE LAW OFFICE OF JEFFREY FLEISCHMANN
*Attorney for Plaintiff Union Capital LLC*

By: /s/ Jeffrey Fleischmann
     Jeffrey Fleischmann (JF-3172)
     jf@lawjf.com

CC: Defendants via Email