UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/24/16

UNION CAPITAL LLC, a New York Limited Liability Company,

                Plaintiff.

-v-

VAPE HOLDINGS INC., a Delaware Corporation, & ISLAND CAPITAL MANAGEMENT LLC, d/b/a ISLAND STOCK TRANSFER, a Florida Limited Liability Company

                Defendants.

No. 16-cv-1343 (RJS)

ORDER TO SHOW CAUSE

RICHARD J. SULLIVAN, District Judge:

On February 22, 2016, Plaintiff Union Capital, LLC filed a complaint against Defendants Vape Holdings, Inc. ("Vape") and Island Capital Management LLC ("Island") alleging breach of contract and conversion and seeking specific performance, a permanent injunction, and damages, among other relief. That same day, Plaintiff moved *ex parte* for a temporary restraining order, a preliminary injunction, and preliminary declaratory relief. The Court has reviewed the Verified Complaint, Plaintiff's Memorandum of Law ("Pl. Br."), the supporting Declarations of Jeffrey Fleischman and Chaim A. Vail, and the exhibits submitted therewith.

IT IS HEREBY ORDERED that Defendants shall show cause on the 8th day of March, 2016 at 11:00 a.m. Courtroom 905, in the United States District Court for the Southern District of New York, 40 Foley Square, New York, New York 10007, why a preliminary injunction and preliminary declaratory relief pursuant to Federal Rule of Civil Procedure 65 and 28 U.S.C. §2201 should not be granted, pending final determination of this action, requiring Defendants to

honor, in accordance with the law and with the agreement between the parties, all requests previously or hereafter submitted by Plaintiff to convert all or any portion of the 8% Convertible Redeemable Note held by Plaintiff into shares of Defendant Vape's common stock, and to deliver all necessary corporate resolutions and contractually required legal opinions necessary to enable Plaintiff to sell its common stock publicly without restriction.

IT IS FURTHER ORDERED that Plaintiff's request for a Temporary Restraining Order ("TRO") during the pendency of the hearing on Plaintiff's applications for a preliminary injunction and declaratory relief is DENIED. An ex parte TRO "is an emergency procedure and is appropriate only when the applicant is in need of immediate relief." 11A *Federal Practice & Procedure* § 2951 (3d ed. 2015). For this reason, "[a] showing of irreparable harm is the single most important prerequisite for the issuance of a [TRO] . . . ." *ABAX Inc. v. Mason Tenders Dist. Council of Greater N.Y.*, No. 05-cv-7136 (WHP), 2005 WL 1962948, at *1 (S.D.N.Y. Aug. 17, 2005) (citation and quotation marks omitted)).

Here, the Court finds that Plaintiff has failed to meet its burden of showing irreparable harm absent the issuance of a TRO pending the preliminary injunction hearing. Specifically, Plaintiff claims that it will suffer irreparable harm because the frequent price fluctuations of the stocks at issue make it "exceedingly difficult to establish with precision" any damages resulting from Defendants' breaches. (Pl. Br. at 5.) However, this difficulty in estimating Plaintiff's damages does not, on its own, "overcome plaintiff's burden to show irreparable harm." *Laurus Master Fund, Ltd. v. Valcom, Inc.*, No. 02-cv-1480 (WK), 2002 WL 432686, at *3 (S.D.N.Y. Mar. 19, 2002). The market price for stocks that are publicly traded, such as Defendant Vape's, "is generally considered to be ascertainable," and Plaintiff has failed to give "any plausible reason why this should not be the case here other than that the stock price fluctuates." *Id.*

2

Plaintiff also argues that a temporary restraining order is appropriate because the parties' Securities Purchase Agreement ("SPA") includes a provision whereby Defendant Vape "acknowledges" that breach of the parties' SPA "will cause irreparable harm" to Plaintiff and "acknowledges that the remedy at law for a breach of its obligations under [the SPA] will be inadequate and agrees, in the event of [Defendant Vape's] breach . . . that [Plaintiff] shall be entitled . . . to an injunction or injunctions restraining, preventing, or curing any breach of [the SPA] . . . ." (SPA § 5(l).) Indeed, inclusion of this provision "might arguably be viewed as an admission by [Defendant Vape] that [Plaintiff] will suffer irreparable harm" from breach of the SPA. *Ticor*, 173 F.3d at 69. However, "a conclusory contract provision alone cannot establish irreparable harm." *Ardis Health, LLC v. Nankivell*, No. 11-cv-5013 (NRB), 2011 WL 4965172, at *3 (S.D.N.Y. Oct. 19, 2011); *see also Baker's Aid v. Hussman Foodserv. Co.*, 830 F.2d 13, 16 (2d Cir. 1987) (finding that "contractual language declaring money damages inadequate in the event of a breach does not control the question whether preliminary injunctive relief is appropriate."). The Court will consider the contractual provision as one factor in assessing Plaintiff's entitlement to a preliminary injunction at the parties' hearing. However, the Court finds that the provision, standing alone, fails to establish irreparable harm sufficient to warrant the extraordinary relief of a TRO in advance of the hearing..

IT IS FURTHER ORDERED THAT Plaintiff's motion to proceed without paying a bond (Pl. Br. at 14–15) is DENIED AS MOOT, since the Court denies Plaintiff's application for a TRO.

IT IS FURTHER ORDERED that Plaintiff is directed to serve a copy of this order, together with the complaint and all submissions in support of its motion, upon Defendant by

February 24, 2016. Service may be completed by electronic mail. IT IS FURTHER ORDERED that Plaintiff shall docket its complaint and moving papers electronically on ECF.

IT IS FURTHER ORDERED that Defendants shall submit a written response to Plaintiff's motion via ECF by Tuesday, March 1, 2016. IT IS FURTHER ORDERED that Plaintiff shall submit a reply brief, if any, by Friday, March 4, 2016 via ECF. Defendants are hereby given notice that failure to attend the hearing, scheduled for Tuesday, March 8, 2016, herein may result in the immediate issuance of the prayed-for Preliminary Injunction to take effect.

SO ORDERED.

Dated:     February 24, 2016
           New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE