UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/7/16
```

UNION CAPITAL LLC, a New York Limited
Liability Company,

                Plaintiff.

-v-

VAPE HOLDINGS INC. & ISLAND, a
Delaware Corporation, & ISLAND CAPITAL
MANAGEMENT LLC, d/b/a ISLAND STOCK
TRANSFER, a Florida Limited Liability
Company

                Defendants.

No. 16-cv-1343 (RJS)

ORDER

RICHARD J. SULLIVAN, District Judge:

    On February 24, 2016, the Court issued an Order to Show Cause in the above-captioned matter. (Doc. No. 9.) Among other things, the Court directed Plaintiff to serve a copy of the order, Plaintiff's Complaint, and its other submissions upon Defendants Vape Holdings, Inc. ("Vape") and Island Capital Management LLC ("Island") via electronic mail. (*Id.*) As reflected on the docket, Plaintiff duly served Vape and Island via electronic mail on February 24, 2016. (Doc. No. 10.) While Vape has entered a notice of appearance and has responded with an opposition brief by the deadline specified in the Court's order (Doc. Nos. 11, 13), Island has failed to make a notice of appearance and to make any submissions in response to the Court's order.

    On March 7, 2016 at 5:21 p.m., less than twenty-four hours before the preliminary-injunction hearing, the Court received the attached letter via email from Island's counsel. In the letter, Island represents that, as of February 24, 2016, the transfer agreement between Island and

Vape was terminated. It is not clear whether that termination took place after Island was served electronically by Plaintiff, which would render Island in contempt of the Court's order. Furthermore, while Island claims not to have been "served with process of the summons and complaint" and purports to have "consented to electronic service upon agreed terms," Island completely overlooks the fact that the Court authorized service by email in its order (Doc. No. 9 at 4), which of course means that service was effectuated on February 24, 2016 when Plaintiff served Island by electronic mail (Doc. No. 10), and that there was no need for the parties to have entered a separate agreement. Equally puzzling is Island's implicit representation that it does not intend to appear at tomorrow's hearing. ("Please feel free to have your Deputy Clerk contact me directly . . . .")

To avoid confusion, IT IS HEREBY ORDERED that Island shall appear at the preliminary-injunction hearing that will take place tomorrow, March 8, 2016 at 11:00 a.m. Should Island wish to appear telephonically, it may do so, but it must make such request within one hour of the hearing. Furthermore, Island must submit its request via email at sullivannysdchambers@nysd.uscourts.gov and must include all other parties to this action on its request. IT IS FURTHER ORDERED that Island shall enter a notice of appearance in this matter forthwith. Should Island's counsel require admission *pro hac vice*, he is directed to consult the website of the United States District Court for the Southern District of New York, http://www.nysd.uscourts.gov/pro_hac.php.

Dated:   March 7, 2016
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE



**ulmer | berne | llp**
ATTORNEYS

BOOKER T. COLEMAN JR
*associate attorney*

direct 312.658.6570
direct fax 312.658.6571
bcoleman@ulmer.com

March 7, 2016

VIA EMAIL (sullivannysdchambers@nysd.uscourts.gov)

The Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Union Capital, LLC v. Vape Holdings, Inc., et al.*
S.D.N.Y. Case No. 16-cv-1343-RJS

Dear Judge Sullivan:

We represent defendant Island Capital Management, LLC, d/b/a Island Stock Transfer (collectively, "Island") in the above-referenced case. Island is a registered Florida corporation with a principal place of business in Clearwater, Florida. Island became aware of the Order to Show Cause set for hearing in this case on March 8, 2016, via an email communication from Plaintiff's counsel. To date, Island has not been served with process of the summons and complaint, but recently has consented to electronic service upon agreed terms. This said, with the hearing on the Order to Show Cause scheduled for tomorrow, and having spoken to the Deputy Clerk, we are writing this letter to inform the Court of certain facts that we believe are relevant to its determination of the Order to Show Cause while expressly reserving all rights and defenses in this lawsuit under FED. R. CIV. P. 12(b)(2), 12(b)(3) and 12(b)(6).

Specifically, on or about February 24, 2016, the transfer agent agreement between Island and defendant Vape Holdings was terminated. Island has since delivered the control book for Vape Holdings to a successor transfer agent. Thus, pursuant to 17 C.F.R. Part 240, Island is no longer capable of legally transferring or issuing shares on behalf of Vape Holdings.

Please feel free to have your Deputy Clerk contact me directly at 312-658-6570 if the Court has any questions. Thank you.

Sincerely,

Booker T. Coleman Jr

BTC:sd
cc: Counsel of record (*email only*)

500 WEST MADISON STREET, SUITE 3600
CHICAGO, ILLINOIS 60661-4587

firm 312.658.6500 | fax 312.658.6501 | internet www.ulmer.com

CLEVELAND     COLUMBUS     CINCINNATI     CHICAGO