ulmer | berne | llp
ATTORNEYS

BOOKER T. COLEMAN JR
*associate attorney*
direct 312.658.6570
direct fax 312.658.6571
bcoleman@ulmer.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________
DATE FILED: 3/8/16

March 8, 2016

VIA EMAIL (sullivannysdchambers@nysd.uscourts.gov)

The Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007




**Re:** ***Union Capital, LLC v. Vape Holdings, Inc., et al.***
**S.D.N.Y. Case No. 16-cv-1343-RJS**

Dear Judge Sullivan:

Pursuant to the Court's March 7, 2016 Order, we are writing to respectfully request permission to specially appear telephonically at the March 8, 2016, hearing on the Order to Show Cause on behalf of Island Capital Management LLC d/b/a Island Stock Transfer ("Island") without waiver of Island's objections to personal jurisdiction and venue. We are also writing to address issues raised by the Court in its March 7 Order.

As a stock transfer agent, Island's role generally is limited to transferring and/or issuing its client's shares pursuant to instructions from appropriate persons. From Island's perspective, this lawsuit arises from a dispute between Plaintiff and defendant Vape Holdings, Inc. ("Vape") as to which is the appropriate person for purposes of instructing Island to issue and/or transfer Vape's shares. Island takes no position in that dispute and would comply with any court order resolving it. With this said, however, the transfer agent agreement between Island and Vape was terminated effective February 24, 2016, after Island decided not to accept an irrevocable reserve letter that it received from Vape on February 23, 2016, in a transaction involving a non-party to this case.

On February 25, 2016, Vape advised Island that it had appointed a new transfer agent. A copy of Vape's February 25, 2016 letter to Island is enclosed. Pursuant to that letter and the transfer agent rules under 17 C.F.R. § 17Ad-1, *et seq.*, Island delivered the control book for Vape to the new transfer agent. As a result of these actions, Island lacks the authority and capability[1] to legally transfer or issue Vape's shares.

[1] On February 29, 2016, Vape's new transfer agent informed Island that it had notified the Depository Trust Company ("DTC") of its appointment as Vape's stock transfer agent. Upon information and belief, DTC currently is directing conversion requests for shares in Vape, such as Plaintiff's request, to Vape's new transfer agent.






Island received the Court's February 24, 2016 Order while in the process of resigning as Vape's transfer agent as a result of its decision to decline the aforementioned request from Vape. There is no correlation between the decision to resign as transfer agent and the Cour''s Order.

Upon review of the February 24 Order, Island understood it to allow electronic service of the Order to Show Cause, and its supporting documents, including the summons and complaint. However, Island did not understand the February 24 Order to excuse Plaintiff from compliance with FED. R. CIV. P. 4 for the purpose of effecting service of the summons and complaint in the underlying lawsuit. After discussing the issue with Plaintiff's counsel, Island consented to service of the summons and complaint and reached an agreement with Plaintiff's counsel regarding Island deadline to answer or otherwise plead

Island intends to file a timely motion under FED. R. CIV. P. 12(b) objecting to personal jurisdiction and venue. To date, Island has not appeared out of concern that its actions could later be deemed to have waived or inadvertently forfeited its objections to jurisdiction and venue. *China Nat. Chartering Corp. v. Pactrans Air & Sea, Inc.*, 882 F. Supp. 2d 579, 588 (S.D.N.Y. 2012) (discussing "a variety of legal arrangements" [that] "may . . . estop a defendant from raising the issue [of personal jurisdiction]," as where "the actions of the defendant during the litigation amount to a legal submission to the jurisdiction of the court, whether voluntary or not.") (Internal citations and alterations omitted). Island's intended Rule 12 motion will assert that Island is not domiciled in the State of New York and lacks sufficient contacts with this forum. The motion will also assert that the irrevocable reserve letter that Plaintiff is suing on as third-party beneficiary is subject to the terms of the transfer agent agreement between Island and Vape, which contains a forum selection clause providing that venue for all proceedings related to Island's transfer and/or issuance of Vape's shares "shall be Pinellas County, Florida." Thus, Island believes that Plaintiff's breach of contract claim against it has been brought in the wrong venue, and will seek severance and transfer of that claim to the United States District Court for the Middle District of Florida. *See Atlantic Marine Const. Co. v. U.S. Dist. Ct. W.D. Tex.*, 134 S.Ct. 568 (2013); *see also In re Rolls Royce Corp.*, 775 F.3d 671 (5th Cir. 2014) *cert. denied sub nom. PHI Inc. v. Rolls Royce Corp.*, 136 S. Ct. 45 (2015) (granting writ of mandamus directing severance and transfer of claims pursuant to valid forum selection clause under *Atlantic Marine*).






Given the possible tension between the Court's March 7 Order and FED. R. CIV. P. 12(h), we respectfully requesting permission to specially appear at today's hearing, telephonically, on behalf of Island while expressly reserving Island's right to file a timely motion objecting to personal jurisdiction and venue on or before the deadline to answer or otherwise plead.

Respectfully submitted,

Booker T. Coleman, Jr

BTC:sd
cc: Counsel of record (*email only*)




5304 Derry Ave. Suite C
Agoura Hills, CA 91301
(877) 827-3959
www.vapeholdings.com

February 25, 2016

Island Stock Transfer
15500 Roosevelt Boulevard, Suite 301
Clearwater, Florida 33760
dlopez@islandstocktransfer.com

**Re: Termination of Transfer Agent Services**

Mr. Lopez:

This letter is to advise you that Vape Holdings, Inc. (the "Company") is in receipt of your termination of your stock transfer services. Termination is to be effective as of February 24, 2016.

We have appointed Action Stock Transfer Corp. as our new transfer agent and request that you provide them with the following materials:

- A final, certified shareholder list with detailed information (i.e. certificate number, date issued, number of shares, restrictions, and shareholder names, addresses and social security numbers.) in both paper and electronic format.
- Stop transfer files (open and closed).
- Pending and unprocessed stock transfers.
- Legal files, Rule 144 transfer information files, pending replacement bonds, correspondence files, balance logs, etc.
- The last certificate number issued by class and series if applicable.
- Any blank certificate inventory can be destroyed.
- Cancelled stock certificates and all historical transfer information.
- All other pertinent or related documents.

Physical documents are to be sent to:

Action Stock Transfer Corp.
2469 E. Fort Union Blvd, Suite 214
Salt Lake City, UT 84121
801-274-1088

Electronic documents are to be sent to:

Justeene Blankenship
jb@actionstocktransfer.com

I sincerely appreciate your cooperation in this matter, thus ensuring an orderly and timely conversion of this very important function.

Thank you.

Sincerely,

Justin Braune
CEO