UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5/9/16
```

UNION CAPITAL LLC, a New York Limited
Liability Company,

                              Plaintiff.

        -v-

VAPE HOLDINGS INC. & ISLAND, a
Delaware Corporation, & ISLAND CAPITAL
MANAGEMENT LLC, d/b/a ISLAND STOCK
TRANSFER, a Florida Limited Liability
Company

                              Defendants.

No. 16-cv-1343 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

On February 22, 2016, Plaintiff Union Capital, LLC filed a complaint against Defendants

Vape Holdings, Inc. ("Vape") and Island Capital Management LLC ("Island") alleging breach of

contract and conversion and seeking specific performance, a permanent injunction, and damages,

among other relief.  (Doc. No. 1.)  That same day, Plaintiff moved *ex parte* for a temporary

restraining order, a preliminary injunction, and "preliminary declaratory relief."  (Doc. No. 2.)

On February 24, 2016, the Court denied Plaintiff's motion for a temporary restraining order.

(Doc. No. 9.)  The Court also ordered Vape and Island to show cause on March 8, 2016 at 11:00

a.m. as to why a preliminary injunction and "preliminary declaratory relief" pursuant to Federal

Rule of Civil Procedure 65 and 28 U.S.C. §2201 should not be granted, pending final

determination of this action, requiring Defendants to honor, in accordance with the law and with

the agreement between the parties, all requests previously or hereafter submitted by Plaintiff to

convert all or any portion of the 8% Convertible Redeemable Note held by Plaintiff into shares of

Defendant Vape's common stock, and to deliver all necessary corporate resolutions and contractually required legal opinions necessary to enable Plaintiff to sell its common stock publicly without restriction. (*Id.*)

Vape responded with an opposition brief arguing, among other things, that the Court lacks subject-matter jurisdiction and personal jurisdiction, that venue is improper, and that Plaintiff fails to show irreparable harm absent issuance of a preliminary injunction. (Doc. No. 14 (Opp'n).) As stated on the record at today's hearing, the Court concludes that it has subject-matter and personal jurisdiction over Vape and that venue is proper, but it denies Plaintiff's application for a preliminary injunction and for "preliminary declaratory relief." This order memorializes the Court's reasons for its conclusions.

## I. SUBJECT-MATTER JURISDICTION

Pursuant to 28 U.S.C. § 1332(a), "the amount in controversy must exceed $75,000, exclusive of interest and costs" in order for diversity jurisdiction to be appropriate. *E.g., Fierro v. Gallucci*, No. 06-cv-5189 (JFB) (WDW), 2010 WL 1223122, at *5 (E.D.N.Y. Mar. 24, 2010) (citing 28 U.S.C. § 1332(a)). Although Plaintiff has the burden of establishing subject-matter jurisdiction, "[t]his burden is hardly onerous," since there is "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (citation and quotation marks omitted). Accordingly, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Carling v. Peters*, 10-cv-4573 (PAE) (HBP), 2013 WL 865842, at *4 (S.D.N.Y. Mar. 8, 2013) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)).

Neither Defendant disputes that the parties to this action are diverse. Rather, Vape argues

that Plaintiff fails to satisfy the amount-in-controversy requirement (Opp'n at 1), since Plaintiff originally sought only to convert $7,000 in debt under the Convertible Redeemable Note Agreement (Doc. No. 1, Ex. A ("Note")).   However, Plaintiff has alleged in its Complaint that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." (Compl. ¶ 11.)   Thus, Plaintiff is entitled to a rebuttable presumption that the amount in controversy in this matter exceeds the sum or value of $75,000.   Furthermore, as explained by Plaintiff at today's hearing, Plaintiff seeks to convert as much of the $75,000 Note into common stock as is permissible under the Note, and Plaintiff seeks damages for the difference between the discounted price authorized under the Note for the shares and the value of the stock.   In addition, Plaintiff has also agreed to amend its complaint to clarify the relief that it seeks.   Accordingly, because it does not appear to a legal certainty that Plaintiff's claim is for less than the jurisdictional amount, the Court finds that Plaintiff has satisfied its minimal burden at this stage.

## II. PERSONAL JURISDICTION AND VENUE

The Court also rejects Vape's argument that the Court lacks personal jurisdiction and that venue is improper in this district.   (Opp'n at 4.)   In suits such as this, that invoke federal diversity jurisdiction, "federal law applies to the interpretation of forum selection clauses," since "questions of venue and the enforcement of forum selection clauses are essentially procedural, rather than substantive, in nature." *Magi XXI, Inc. v. Stato della Citta del Vaticano*, 714 F.3d 714, 721 (2d Cir. 2013) (citations and quotation marks omitted).   Under federal common law, "[a] mandatory forum selection clause," in which the parties stipulate that disputes under an agreement "*must* be brought in the designated forum, to the exclusion of all other fora where jurisdiction may also lie," *Glob. Seafood Inc. v. Bantry Bay Mussels Ltd.*, 659 F.3d 221, 225 (2d Cir. 2011) (emphasis added), "must be enforced unless the objecting party can clearly show that

3

enforcement would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching." *Lazare Kaplan Int'l Inc. v. KBC Bank N.V.,* 528 F. App'x 33, 35 (2d Cir. 2013) (citation and quotation marks omitted).

Here, the Securities Purchase Agreement provides that "[a]ny action brought by either party against the other concerning the transactions contemplated by this Agreement shall be brought only in the state courts of New York or in the federal courts located in the state and county of New York." (Doc. No. 2, Ex. B ("SPA") ¶ 5(a).) Plaintiff and Vape further agreed in the SPA to "irrevocably waive any objection to jurisdiction and venue of any action instituted hereunder . . . ." (*Id.*) The forum-selection clause in the SPA is "mandatory," since it contains "obligatory" language – *i.e.*, that any action "shall be brought only" in the designated fora. *See Phillips v. Audio Active Ltd.*, 494 F.3d 378, 386 (2d Cir. 2007) (finding forum-selection clause mandatory where it specified that "any legal proceedings that may arise out of [the agreement] are to be brought in England"). Furthermore, the SPA's forum-selection clause provides for personal jurisdiction and venue in the Southern District of New York, because it is, of course, the federal court "located in the state and county of New York." In addition, the SPA provision clearly is intended to cover conversion of common stock under the Note, which is expressly referenced, and therefore, "contemplated" by the SPA. (SPA at 1 ¶ B.)

However, as Vape points out, the Note contains a distinctly worded forum-selection clause. (Opp'n at 4–5.) Under the Note, Plaintiff and Vape "consent to exclusive jurisdiction and venue in the courts of the State of New York." (Note § 14.) The forum-selection clause in the Note is also mandatory, as it confers "exclusive jurisdiction and venue in the courts of the State of New York." *See Glob. Seafood Inc.*, 659 F.3d at 225 (recognizing that a forum-selection clause is mandatory if it "confers exclusive jurisdiction on the designated forum"). Furthermore,

some courts have construed similar language to include New York state courts, but not federal courts located within the State of New York. *See Celerant Tech. Corp. v. Overland Sheepskin Co.*, No. 06-cv-13457 (LAK), 2007 WL 431879, at *1 (S.D.N.Y. Jan. 29, 2007) (ordering remand from Southern District of New York where forum-selection clause in contract provided that "[a]ll claims, actions, disputes, controversies or suits between the parties shall be litigated exclusively in the courts of the State of New York, County of New York"). Thus, Vape argues that this Court is not the proper forum for the parties' dispute.

The Court concludes that the SPA and the Note should be "read and interpreted together," since they were executed the same day, involved the same parties, and served the same purpose – namely, to effectuate Vape's sale of a convertible note to Plaintiff. *Liberty USA Corp. v. Buyer's Choice Ins. Agency LLC*, 386 F. Supp. 2d 421, 425–26 (S.D.N.Y. 2005); (*see also* SPA at 1 ¶ B.) Thus, notwithstanding the fact that other courts have interpreted clauses such as the one in the Note to exclude federal district courts, those cases involved forum-selection clauses viewed in isolation, and not as part of an integrated writing with separate language like the clause contained in the SPA. Accordingly, the Court "must avoid [an] interpretation[] that render[s]" a provision of either agreement superfluous, s*ee Hester v. Navigators Ins. Co.*, 917 F. Supp. 2d 290, 296 (S.D.N.Y. 2013), and the Court finds that Vape's proposed interpretation of the Note's forum-selection clause, which would limit suits brought under the Note to New York state courts, would render the SPA's forum-selection provision that expressly covers the Southern District of New York superfluous.[1]  Thus, the Court finds that the Note's forum-selection provision, in which the

---

[1] Although federal common law, as opposed to New York contract law, governs the Court's construction of the SPA and the Note's forum-selection provisions, the Court still finds New York contract law persuasive, since "[w]hen it comes to general rules of contract interpretation, there is little difference between federal common law and New York law." *Barnes v. Am. Int'l Life Assur. Co. of N.Y.*, 681 F. Supp. 2d 513, 520 (S.D.N.Y. 2010).

parties "consent to exclusive jurisdiction and venue in the courts of the State of New York," covers both federal and state courts located in the State of New York.  Therefore, the Court finds that it has personal jurisdiction over Vape and that venue is proper.

### III. IRREPARABLE HARM

"Irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009). "Irreparable harm is an injury that is not remote or speculative but actual and imminent, and 'for which a monetary award cannot be adequate compensation.'" *Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 37 (2d Cir. 1995) (quoting *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979)).  Plaintiff must show that it will suffer "harm that cannot be prevented or fully rectified by the final judgment after trial." *Firemen's Ins. Co. of Newark, N.J. v. Keating*, 753 F. Supp. 1146, 1152 (S.D.N.Y. 1990) (quoting *Roland Mach. Co. v. Dresser Inds., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984)).  For the reasons stated in its order denying Plaintiff's request for a temporary restraining order, the Court rejects Plaintiff's arguments that a finding of irreparable harm is warranted based on the alleged difficulty of calculating damages or on a provision in the SPA conclusorily declaring Plaintiff's harm to be irreparable in the event of breach.  (Doc. No. 9 at 2–3.)

The Court next turns to Plaintiff's argument that it will suffer irreparable harm absent the issuance of an injunction because Vape is "likely insolvent" and "will likely be unable to pay any damages ultimately awarded at the conclusion of this action . . . ." (Reply at 5.)  Although a "monetary injury" is usually insufficient to warrant injunctive relief, "courts have excepted from the general rule . . . injury situations involving obligations owed by insolvents." *Brenntag Int'l Chemicals, Inc. v. Bank of India*, 175 F.3d 245, 250 (2d Cir. 1999); *see also Castle Creek Tech.*

*Partners, LLC v. CellPoint Inc.*, No. 02-cv-6662 (GEL), 2002 WL 31958696, at *3 (S.D.N.Y. Dec. 9, 2002).   However, Courts in this circuit have held preliminary-injunction movants to a "high standard" in demonstrating "current or imminent insolvency" at the preliminary-injunction stage.   *WestLB AG v. BAC Fla. Bank*, No. 11-cv-5398 (LTS) (AJP), 2012 WL 3135825, at *5 (S.D.N.Y. Aug. 2, 2012) (collecting cases).   This is because "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."  *Sampson v. Murray*, 415 U.S. 61, 90 (1974).   On numerous occasions, courts have denied applications for a preliminary injunction, even in the face of evidence that a defendant was in very weak financial condition.  *See, e.g.*, *Meringolo v. Power2ship*, No. 03-cv-4476 (PKL), 2003 WL 21750009, at *4–5 (S.D.N.Y. July 28, 2003) (finding no irreparable harm, notwithstanding plaintiff's allegations that defendant, a "development stage company," had generated virtually no revenue, had never earned a profit, and was being drained of its assets); *Gen. Transp. Servs. V. Kemper Ins. Co.*, 5:03-cv-620, 2003 WL 21703635, at *3–4 (N.D.N.Y. June 25, 2003) (finding no irreparable harm, notwithstanding defendant's default on $700 million of its notes, credit-rating downgrade, investigation by regulatory agencies, and substantially reduced workforce).

Here, the Court finds that Plaintiff fails to sufficiently rebut the representations of Vape's CEO, Justin Braune, who avers that, as a result of newly launched products and "adjustments" to its manufacturing costs, Vape "anticipates that it will continue to grow revenues and progress towards achieving profitability."  ((Doc. No. 12 ("Braune Decl.") ¶ 11.)  It is true that Vape admits in a public filing with the Securities and Exchange Commission that it has an "ongoing need to obtain financing to fund operations," which "raise[s] substantial doubt" about its ability to remain a going concern. (Doc. 6-2 at 15.)   However, Vape has also offered evidence of

continued interest from investors.  (Braune Decl. ¶ 6.)  Most importantly, as stated on the record, this litigation is likely to proceed very expeditiously, given Plaintiff's very high likelihood of success on the merits.  Thus, Plaintiff has failed to meet its burden of showing that Vape is likely to become insolvent, and therefore, unable to pay any damages award, before the end of this litigation.

### IV. CONCLUSION

For the reasons stated, IT IS HEREBY ORDERED that Plaintiff's motion for a preliminary injunction and for "preliminary declaratory relief" is denied with respect to Vape. As stated at today's hearing, IT IS FURTHER ORDERED that Plaintiff shall submit its amended complaint by March 15, 2016.  IT IS FURTHER ORDERED that Vape shall submit its answer and any counterclaims by April 5, 2016.

In light of Island's representation that it is no longer the transfer agent for Vape and Plaintiff's representation that it no longer wishes to bring claims against Island and will in fact eliminate Island as a Defendant in the Amended Complaint, IT IS FURTHER ORDERED that Plaintiff's motion is denied with respect to Island.


Dated:          March 8, 2016
                New York, New York

                                        _____
                                        RICHARD J. SULLIVAN
                                        UNITED STATES DISTRICT JUDGE